UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KHAMSAY XAYAMONTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 2:22-cv-01175-GMN-EJY<br><br>**ORDER** |

I.   **DISCUSSION**

On July 21, 2022, Plaintiff, who is an inmate in the custody of the Federal Correctional Institution, submitted a Petition for a Writ of Mandamus or a Declaratory Judgment. ECF No. 1-1. Two weeks later, Plaintiff filed the district court's application to proceed *in forma pauperis* ("IFP"), which does not include the required acknowledgment form or financial certificate for inmates. ECF No. 3.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the $402 filing fee. To apply for *in forma pauperis* status, the inmate must submit <u>all three</u> of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

Plaintiff has not submitted all three documents as required. As such, Plaintiff's IFP application is incomplete and is denied without prejudice..

1

## II.  ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff is granted **one extension of time** to file a complete IFP application containing all three of the required documents.  Plaintiff must file a complete IFP application on or before **September 8, 2022**.  Absent unusual circumstances, the Court will not grant any further extensions of time.

IT IS FURTHER ORDERED that if Plaintiff is unable to file a complete IFP application with all three required documents on or before **September 8, 2022**, the Court will recommend this case be dismissed without prejudice for Plaintiff to file a new case with the Court when Plaintiff is able to acquire all three of the documents needed to file a complete IFP application.

A dismissal <u>without prejudice</u> means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to submit with the IFP application.  Alternatively, Plaintiff may choose not to file an IFP application and instead pay the filing fee of $402 on or before **September 8, 2022** to proceed with this case.

The Court will retain Plaintiff's Petition for a Writ of Mandamus or a Declaratory Judgment (ECF No. 1-1) but will not file the Petition unless and until Plaintiff timely files a complete IFP application or pays the $402 filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

DATED this 8th day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE