UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KHAMSAY XAYAMONTY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:22-cv-01175-GMN-EJY<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court for screening of Plaintiff's Complaint. ECF No. 1-1.

**I.    *IN FORMA PAUPERIS* APPLICATION**

On August 3, 2022, Plaintiff, an inmate, filed an application to proceed *in forma pauperis*. ECF No. 3. The application was incomplete and was denied without prejudice. ECF No. 4. Plaintiff filed several more incomplete IFP applications (ECF Nos. 5, 7, 9, and 10) each of which was denied. ECF Nos. 6, 8, and 11. On August 25, 2022 Plaintiff filed a complete application to proceed *in forma pauperis* (ECF No. 9) that was granted on September 6, 2022. ECF No. 11.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

### III. DISCUSSION

In November 20, 2018, Plaintiff was sentenced to 108 month term of imprisonment by Judge Timothy Burgess of the United States District Court for the District of Alaska. ECF No. 1-1 at 3. Plaintiff was designated to serve his time at FCI Sandstone, a low security federal correction institution in Sandstone, Minnesota. *Id.* Following good behavior at Sandstone, Plaintiff was transferred to FPC Yankton in Yankton, South Dakota. *Id.* Through various programs offered by the Bureau of Prisons, Plaintiff shortened his time to be served and earned a projected release date of February 12, 2023. *Id.* at 3-4.

On January 7, 2022, the Department of Homeland Security ("DHS") issued an immigration detainer and warrant for Plaintiff's arrest. *Id.* at 9-10. Based on the detainer, Plaintiff (1) was moved back to FCI Sandstone, and (2) became ineligible for the early release date he earned through completion of various programs. *Id.* at 4. Plaintiff is also now ineligible to be moved to a halfway house. *Id.*

Plaintiff seeks a writ of mandamus from this Court requiring DHS to begin deportation proceedings against him as soon as possible; that is, an order not allowing the government to wait until the end of Plaintiff's prison sentence to commence the proceedings. *Id.* at 6. Plaintiff further seeks a declaratory judgment that (1) Plaintiff is "non-deportable," (2) quashes the immigration detainer, and (3) grants other relief as the Court deems appropriate. *Id.*

Section 1252(g) of 8 U.S.C. states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General *to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter." (Emphasis added.) Courts within the Ninth Circuit interpret § 1252(g) to prohibit the issuing a writ of mandamus requiring the Department of Justice to conduct any of the enumerated activities. *Foster v. U.S. Department of Homeland Security*, Case No. 19-05715-PHX-JAT, 2020 WL 3451993, at *1 (D. Ariz. June 23, 2020). *See also Miesegaes v. Department of Homeland Security*, Case No. 17-cv-02216-RS, 2018 WL 11302952, at *1 (N.D. Cal. May 14, 2018) ("The Court … lacks jurisdiction in this case to order the Attorney General to initiate deportation proceedings … or order that petitioner be delivered to immigration authorities for deportation

2

proceedings."). In addition, there is a separate statutory provision prohibiting private rights of action from being brought against federal or state officials "to compel the release, removal, *or consideration for release or removal* of any alien." 8 U.S.C. § 1231(a)(4)(D) (emphasis added).

Regarding the request to declare Plaintiff "non-deportable" and quash the immigration detainer, the district court also lacks authority to take such action. *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that [DHS] is going to be making a decision about the deportability of the alien in the future.") (citation omitted). The district court cannot interfere in that process before it actually begins.

## IV.   RECOMMENDATION

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Petition for Writ of Mandamus or Declaratory Judgement (ECF No. 1-1) be dismissed with prejudice.

DATED this 26th day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).