# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KHAMSAY XAYAMONTY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-01175-GMN-EJY |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff Khamsay Xayamonty's ("Plaintiff's") Objection, (ECF No. 13), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 12), recommending that the Court dismiss Plaintiff's Petition for Writ of Mandamus or Declaratory Judgment, (ECF No. 1-1), with prejudice.

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection,[1] and **ADOPTS in full** the Magistrate Judge's Report and Recommendation.

## I.   BACKGROUND

In November 20, 2018, Plaintiff was sentenced to an 108 month term of imprisonment by Judge Timothy Burgess of the United States District Court for the District of Alaska. (Pet. Writ Mandamus ¶ 9, ECF No. 1-1). Plaintiff was designated to serve his term of imprisonment at Federal Correctional Institute ("FCI") Sandstone, a low-security institute in Minnesota. (*Id*. ¶

---

[1] As an initial matter, the Court notes that Plaintiff's Objection to the Magistrate Judge's Report and Recommendation was untimely. (*See generally* R&R, ECF No. 12) (setting an October 10, 2022, deadline to file objections); (Obj, ECF No. 12) (recording a filing date of October 14, 2022). The untimeliness of Plaintiff's Objection presents sufficient grounds to deny his Objection and adopt the Magistrate Judge's Report and Recommendation. *See Neff v. McDaniel*, No. 3:09-cv-00271, 2010 WL 1930155, at *1 n.3 (D. Nev. Feb. 22, 2010) (declining to consider the defendant's untimely objection to the magistrate judge's report and recommendation). Nevertheless, the Court will exercise its discretion and consider the Plaintiff's Objection.

10). Plaintiff was later transferred to Federal Prison Camp ("FCP") Yankton, a low-security prison camp in South Dakota. (*Id*. ¶ 11). Through various programs offered by the Bureau of Prisons ("BOP"), Plaintiff shortened his term of imprisonment and earned a projected release date of February 12, 2023. (*Id*. ¶¶ 13–14).

On January 27, 2022, the Department of Homeland Security ("DHS") issued an immigration detainer and warrant for Plaintiff's arrest.[2] (*Id*. ¶ 15). Because of the detainer, Plaintiff was returned to FCI Sandstone and became ineligible for the earlier release date he earned through his prior completion of BOP programs. (*Id*. ¶¶ 16–17). In response to the DHS detainer, Plaintiff initiated the present lawsuit, requesting a writ of mandamus from this Court requiring "DHS to begin deportation proceedings against him as soon as possible; that is, an order not allowing the government to wait until the end of Plaintiff's prison sentence to commence the proceedings." (R&R 2:14–16, ECF No. 12); (Pet. Writ Mandamus ¶ 28). Plaintiff further seeks a declaratory judgment determining that he is (1) "non-deportable," (2) quashes the immigration detainer, and (3) grants other relief as the Court deems appropriate. (Pet. Writ Mandamus ¶ 29).

On September 26, 2022, the Magistrate Judge entered the instant Report and Recommendation, recommending that Plaintiff's Petition for Writ of Mandamus or Declaratory Judgment be dismissed with prejudice. (*See generally* R&R). On October 14, 2022, Plaintiff filed the present Objection. (*See generally* Obj., ECF No. 13). The Court discusses Plaintiff's Objection below.

///

///

///

---

[2] Plaintiff's Petition for Writ of Mandamus alleges that DHS issued the immigration detainer to ensure his presence at a deportation hearing. (*Id*. ¶ 19).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases).

## III. DISCUSSION

As stated, the Magistrate Judge recommends that the Court dismiss Plaintiff's Petition for Writ of Mandamus or Declaratory Judgment with prejudice. (R&R 2:19–3:13). Plaintiff objects on two grounds. First, Plaintiff argues that the Magistrate Judge erred in recommending that his claim for a writ of mandamus be dismissed with prejudice because a "[j]urisdictional dismissal, such as that recommended here, must be made without prejudice . . . ." (Obj. at 1). Second, Plaintiff contends that the Magistrate Judge improperly concluded that the Court lacks authority to issue a declaratory judgment concerning his non-deportability and quashes DHS's immigration detainer. (Obj. at 2). The Court will examine each objection in turn.

///

///

**A. Dismissal of Writ of Mandamus Claim with Prejudice**

Plaintiff's first objection asserts that the Magistrate Judge erred in recommending that his claim for a writ of mandamus be dismissed with prejudice because jurisdictional dismissals should be made without prejudice. (Obj. at 1). Plaintiff is correct that "[o]rdinarly, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). "However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper." *Anorou v. McDonald*, No. 2:16-cv-441, 2016 711599, at *2 (D. Nev. Dec. 5, 2016) (citing *Frigard*, 862 F.2d at 204). Thus, the dispositive issue surrounding Plaintiff's first objection concerns the viability of the underlying relief sought by his writ of mandamus. If Plaintiff's writ of mandamus seeks relief that no district court has the authority to provide, the Magistrate Judge correctly concluded that his claim should be dismissed with prejudice. Conversely, if the relief sought by Plaintiff exceeds only the authority of this Court, but may be sought elsewhere, his claim should only be dismissed without prejudice.

Here, the Magistrate Judge properly found that Plaintiff's claim for writ of mandamus should be dismissed with prejudice. By the instant lawsuit, "Plaintiff seeks a writ of mandamus from this Court requiring DHS to begin deportation proceedings against him as soon as possible; that is, an order not allowing the government to wait until the end of Plaintiff's prison sentence to commence the proceedings." (R&R 2:14–16). However, "[o]nly the Attorney General of the United States has the authority to remove an alien," 8 U.S.C. § 1231(a)(4)(A), (B), and "it is well-settled that [a Plaintiff] does not have a private right of action to compel the Attorney General to remove him from the United States before he completes his criminal sentence." *Foster v. U.S. Department of Homeland Security*, No. 19-cv-05715, 2020 WL 3451993, at *1 (D. Ariz. June 23, 2020) (citation omitted); *see United States v. Aispuro*, 127

F.3d 1133, 1134 (9th Cir. 1997) (per curiam) ("The district court lacked jurisdiction to order Aispuro deported because the United States Attorney did not request Aispuro's deportation."). Indeed, 8 U.S.C. § 1231(a)(4)(D) explicitly states that imprisoned aliens have no right to speedy removal. *See Mendoza v. I.N.S.*, No. 3:10-cv-00736, at *3 (D. Nev. Dec. 9, 2010) (relying on 8 U.S.C. § 1231(a)(4)(D)); *United States v. Hernandez-De Luna*, No. 3:98-cr-00108, 2011 WL 1321564, at *2 (D. Nev. Apr. 6, 2011) ("Lastly, imprisoned aliens or those on supervised release have no private right to speedy removal."). Specifically, 8 U.S.C. § 1231(a)(4)(D) provides that aliens "imprisoned, arrested, or on parole, supervised release, or probation" cannot assert a cause or claim "under this paragraph against any official of the United States or any State to compel the release, removal, or consideration for release or removal of an alien." 8 U.S.C. § 1231(a)(4)(D). Accordingly, as Plaintiff seeks relief that no court has the authority to provide, there is no way to cure this jurisdictional defect, and the Court agrees with the Magistrate Judge's conclusion that Plaintiff's claim should be dismissed with prejudice.

### B. Declaration of Non-Deportability that Quashes DHS's Immigration Detainer

Turning to Plaintiff's second objection, he contends that the Magistrate Judge improperly concluded that the Court lacks authority to issue a declaration of non-deportability that quashes DHS's immigration detainer. (Obj. at 2). The Court disagrees.

"An immigration detainer is merely a request to a law enforcement agency or prison to notify the United States [DHS] before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal proceedings." *Sayadeth v. Apker*, No. 1:16-cv-01460, 2016 WL 8731393, at *2 (E.D. Cal. Oct. 7, 2016) (citing 8 C.F.R. § 287.7*); see also Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that the [Immigration and

///

Naturalization Service] is going to be making a decision about the deportability of the alien in the future.").

In short, the detainer is only a notification that a removal decision will be made at some later date. *See Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995) (citation omitted). Accordingly, the Magistrate Judge properly found that the Court "cannot interfere in that process before it actually begins." (R&R 3:8–9).

In sum, the Court, upon conducting a *de novo* review of the Magistrate Judge's findings, determine that the recommendation and findings are proper. Therefore, the Court denies Plaintiff's Objection and adopts the Report and Recommendation as to its recommendation that Plaintiff's Petition for Writ of Mandamus or Declaratory Judgment be dismissed with prejudice.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 12), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close the case.

**DATED** this __31__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT